**Rafael Jimenez RESENDIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75493.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Rafael Jimenez Resendiz, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Rafael Jimenez Resendiz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying his applica-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review factual determinations for substantial evidence, and legal determinations de novo. *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc). We deny the petition for review.

In concluding that changed country conditions in Mexico rebutted Jimenez Resendiz's fear of future persecution, the agency considered political shifts reported in the State Department Country Report, Jimenez Resendiz's level of involvement with the PRD (Party of Revolutionary Democracy), and the length of time he had been out of the country since he was politically active. Substantial evidence therefore supports the agency's "individualized determination" that "the changed conditions reported in the Country Report will affect [Jimenez Resendiz's] specific situation." *Marcos v. Gonzales*, 410 F.3d 1112, 1121 (9th Cir.2005).

Furthermore, although the past persecution Jimenez Resendiz suffered was serious, it was not so extreme as to justify a special grant of asylum based on humanitarian grounds. *See Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993).

Jimenez Resendiz's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

Jimenez Resendiz's remaining contentions lack merit.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED**